IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

Candido V.,[1]
        Plaintiff,

v.                                                          Civil Action No. 3:21-cv-295

KILOLO KIJAKAZI,[2]
Acting Commissioner of Social Security,
        Defendant.

## OPINION

The plaintiff, Candido V., challenges the Social Security Administration ("SSA") Commissioner's final decision denying his claim for supplemental security income, a period of disability, and disability insurance benefits. On July 1, 2022, the Magistrate Judge issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment. The R&R recommends that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the SSA Commissioner's ("the Commissioner") motion for summary judgment; and (3) affirm the Commissioner's decision.

The plaintiff objects to the R&R for two reasons: (1) because the R&R finds that Nurse Practitioner Gray H. Smith's note does not amount to a medical opinion prompting articulative duties by the Administrative Law Judge ("ALJ") such that the ALJ's failure to address the nurse's note does not require remand and (2) because the R&R finds that the ALJ did not err when failing

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by their first name and last initial.

[2] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Acting Commissioner Kijakazi as the defendant in this suit.

to address whether the plaintiff's impairments met or equaled Listing 1.04A of 20 C.F.R. Part 404, Subpart P, Appendix 1. Because the ALJ applied the correct legal standard and substantial evidence supports his factual findings, the Court will adopt the R&R and overrule the plaintiff's objection.

## I. <u>BACKGROUND</u>

SSA initially denied the plaintiff's claim for supplemental security income, a period of disability, and disability insurance benefits. Upon reconsideration, the SSA denied the plaintiff's claim again. The plaintiff then filed a written request for a hearing before an ALJ. Following the hearing, the ALJ issued a written opinion denying the plaintiff's claim; in his December 3, 2020 Opinion, the ALJ concluded that the plaintiff was not disabled under the Social Security Act. The SSA Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner, subject to this Court's review.

On May 7, 2021, the plaintiff filed a complaint in this Court, appealing the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (ECF No. 1.) The Court referred the matter to a magistrate judge for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B), and the parties filed cross-motions for summary judgment. Upon review, the Magistrate Judge recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. (ECF No. 26.) The plaintiff objects to this R&R.

## II. <u>DISCUSSION</u>

This Court reviews de novo any part of the R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, a magistrate judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed.

R. Civ. P. 72(b)(3). A court "will affirm the Social Security Administration's disability determination 'when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (clarifying that the question is not whether the claimant is disabled, but whether substantial evidence supports the ALJ's finding of no disability). Substantial evidence exists to support a finding when there is "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quoting *Craig*, 76 F.3d at 589). In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653. At the same time, the Court "must not abdicate . . . [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

The ALJ applies a five-step process to determine whether the individual is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Mascio*, 780 F.3d at 634–35 (describing the five-step process). As relevant to the plaintiff's objections here, step three requires the ALJ to determine whether the claimant's medical impairments meet or equal an impairment listed in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.925(a). And between the third and fourth steps of the analysis, the ALJ must assess and make a finding about the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.1545(a), 416.945(a). The RFC is an ALJ's assessment—based on all

relevant medical and other evidence—of "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

The plaintiff objects to the R&R on two grounds. First, he argues that, contrary to the R&R, the ALJ erred by failing to articulate how persuasive he found Nurse Smith's medical treatment note, which counseled the plaintiff to "continue to do light exercise and elevate [the] foot that has been a problem for him." (Tr. 762.) Second, the plaintiff argues that, contrary to the R&R, the ALJ erred by failing to address whether the plaintiff's impairments met or equaled the medical criteria of Listing 1.04A. The Court addresses each objection in turn, concluding that the ALJ did not err by declining to address Nurse Smith's note or by failing to analyze whether the plaintiff's impairments met or equaled the medical criteria of Listing 1.04A.

### *A. Nurse Smith's Note*

First, the plaintiff argues that when determining his RFC between the third and fourth steps of the evaluation process, the ALJ should have articulated how persuasive he found Nurse Smith's note. According to the plaintiff, the note constitutes a "medical opinion"[3] as defined in 20 C.F.R. § 404.1513(a)(2) such that the note triggered the ALJ's articulative duties pursuant to 20 C.F.R. § 404.1520c(a)–(c). The Court finds that Nurse Smith's note does not constitute a "medical opinion" under 20 C.F.R. § 404.1513(a)(2) because it does not include a "statement . . . about what [the plaintiff] can still do despite [his] impairment(s) and whether [the plaintiff has] one or more impairment-related limitations or restrictions." 20 C.F.R. § 404.1513(a)(2); *see Cruz v. Comm'r of Soc. Sec. Admin.*, No. 19-4460, 2020 WL 3567033, at *2 n.4 (D. Ariz. July 1, 2020) (noting that the following advice issued by a doctor—"a need to elevate the legs [when sitting]"—did not

---

[3] "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions . . . ." 20 C.F.R. § 404.1513(a)(2).

4

constitute a "medical opinion" because the advice "merely 'recommended' that [the plaintiff] elevate her legs when sitting" without "stat[ing] it was necessary for work" or assessing the plaintiff's RFC (first alteration in original) (quoting the record)). The note, therefore, constitutes "other medical evidence" pursuant to 20 C.F.R. § 404.1513(a)(3), and did not prompt any articulative duties for the ALJ such that his failure to address how persuasive he found the note in his written opinion does not amount to reversible error. *See* 20 C.F.R. §§ 404.1513(a)(3), 404.1520c.

### *B. Listing 1.04A*

The plaintiff also argues that at step three of the evaluation process, the ALJ erred by failing to analyze whether any of the plaintiff's impairments met or equaled the medical criteria of Listing 1.04A. The Court finds, however, that because the record lacks "ample evidence" that shows the plaintiff's impairments met or medically equaled Listing 1.04A, the ALJ was not required to discuss Listing 1.04A. *See Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016) (noting that the claimant bears the burden to show that his condition meets a listed impairment); *Cook v. Heckler*, 783 F.2d 1168, 1172–73 (4th Cir. 1986) (explaining that when there is "ample evidence in the record to support a determination that" the claimant's impairment met or equalled "one of the [listed] impairments," the ALJ must identify "the relevant listed impairments" and compare "each of the listed criteria to the evidence of [the claimant's] symptoms").

Specifically, Listing 1.04A, effective at the time of the ALJ's opinion, required that the claimant show an "inability to ambulate effectively," defined as "having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt.

P, App'x 1 §§ 1.00(B)(2)(a), (B)(2)(b)(1) (effective between May 21, 2020, and April 1, 2021).[4] In addition, Listing 1.04A, effective at the time of the ALJ's opinion, required that if there is involvement of the lower back, a claimant show evidence of positive straight leg raises in both the sitting and supine position. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 1.04A (effective between May 21, 2020, and April 1, 2021); *see Woodson v. Berryhill*, No. 3:17cv347, 2018 WL 4659449, at *26 n.12 (E.D. Va. Aug. 7, 2018), *report and recommendation adopted*, No. 3:17cv347, 2018 WL 4658681 (E.D. Va. Sept. 27, 2018). Because the plaintiff failed to show an inability to ambulate effectively as defined or any evidence of positive straight leg raises in both the sitting and supine positions, the ALJ did not err by declining to analyze whether any of the plaintiff's impairments met or equaled the medical criteria of Listing 1.04A. *Cf. Bonvillain*, 2019 WL 1232840, at *11 ("By failing to demonstrate an inability to ambulate effectively, Plaintiff fails to meet her burden under Listing 1.04A."); *Mills v. Colvin*, No. 5:13cv432, 2014 WL 4055818, at *11 (E.D.N.C. Aug. 14, 2014) ("Due to the absence of any evidence suggesting that Plaintiff could potentially meet the requirements of [particular listings,] the ALJ did not commit reversible error by failing to explicitly identify the listings and explain why Plaintiff's impairments do not meet or equal the criteria of the listings.").

### III. CONCLUSION

For the aforementioned reasons, the Court finds that the plaintiff's objection to the R&R fails. The Court will, therefore, overrule the plaintiff's objection to the R&R, deny the plaintiff's

---

[4] *See Bonvillain v. Berryhill*, No. 1:18cv978, 2019 WL 1232840, at *9 (E.D. Va. Mar. 15, 2019) ("[A]nother district court in the Fourth Circuit noted that many, but not all, district courts in this Circuit had already found that Listing 1.04A did include an ineffective ambulation requirement. *See Soles v. Colvin,* No. 1:13-cv-491, 2015 WL 7454607, at *7 (M.D.N.C. Nov. 23, 2015) (collecting cases). Additionally, although the Fourth Circuit has not explicitly addressed this issue, other circuits have, finding that Listing 1.04A does require evidence of inability to ambulate effectively." (footnote omitted)).

motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the final decision of the Commissioner. Accordingly, the Court will adopt the Magistrate Judge's R&R.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this order to all counsel of record.

Date: 18 August 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge